UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

LOVELL L. BELTON,

                Plaintiff,

-against-

THE CITY OF NEW YORK,

                Defendant.
---------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 1 2005 ★
P.M.
TIME A.M.

MEMORANDUM
AND ORDER
05-CV-2937 (DGT)

TRAGER, United States District Judge:

Plaintiff, a homeless citizen of New York City, brings this *pro se* action alleging that transit police in the Clark Street subway station failed to secure his property when he was arrested.[1] Plaintiff seeks five hundred million dollars in damages and injunctive relief. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the action for the following reasons.

**Standard of Review**

The Court construes plaintiff's complaint liberally, particularly because it alleges civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or

---

[1] Plaintiff filed the instant action on May 31, 2005, his fifth action in this Court in six months. His first action, Belton v. City of New York, 04CV5373 (DGT), filed December 9, 2004, was dismissed February 23, 2005 pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Plaintiff's next three complaints, one filed on December 16, 2004 and two filed on January 20, 2005, were dismissed *sua sponte* on February 23, 2005 for lack of subject matter jurisdiction. Belton v. Coby (Electronics), 04CV5472 (DGT); Belton v. Galaxy Outerwear, 04CV5473 (DGT); Belton v. Inventtech, 05CV323(DGT).

1



malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

**Background**

A careful and sympathetic reading of plaintiff's complaint reveals that plaintiff was arrested by the New York City Transit Police, District Number 30, complaint at ¶ 2, at the Clark Street subway station on March 15, 2005. Complaint, Attachment, Property Damage Loss Claim Form. ("Claim Form"). Plaintiff alleges that the arresting officers failed to keepsake his belongings despite the fact that his "personal property would've been easily packed-carried/vouchered." Id. In addition to damages, plaintiff seeks:

> Permanent injunction against the defendant(s). In the future. (such as; any like circumstance(s)/forbidding any act against driving priviledges [sic] of which does not entail a moving violation or traffic-control procedure of enactment/forbidding any medical-emergency-low-budget/rent contro[l]led public housing as in past proclamations(s).

Complaint at 3.[2] Plaintiff filed a "Claim Against the City of New York for Property Damage or Loss" on March 16, 2005. Plaintiff does not provide the Court with any information regarding the result of that notice of claim.

**Discussion**

Although plaintiff does not refer to 42 U.S.C. § 1983, the Court construes this action as a civil rights action. In order to maintain an claim under 42 U.S.C. §1983, plaintiff must allege

---

[2]For ease of reference, the Court has assigned page numbers to the complaint.

that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Plaintiff's complaint fails to state a claim upon which relief may be granted for two reasons. First, the sole defendant, the City of New York, cannot be held liable for the alleged deprivation of plaintiff's property. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, will not raise the inference of the existence of a custom or policy. Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). No policy or custom is alleged by plaintiff. Thus, the complaint against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

Plaintiff's complaint also fails to state a claim under the Fourteenth Amendment for the loss of his personal property upon his arrest. Plaintiff alleges that his possessions were left behind when he was arrested in the subway station. Plaintiff's complaint states: "While in staircase with Emergency crisis kit partials Blankets one fifty dollar special comforter & two twin sizes blankets, arrest of applicant was made & valuables were left behind & stolen." Complaint, Attached Claim Form.

3

The Court construes plaintiff's allegations as claims for deprivation of property without due process of law in violation of the Fourteenth Amendment. Deprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides for an adequate post-deprivation remedy and the deprivation was the result of a "random and unauthorized" act. See Butler v. Castro, 896 F.2d 698, 700 (2d Cir.1990) (adequate post-deprivation remedy is defense to § 1983 claim based on "random and unauthorized" deprivation but not to claim "where the deprivation complained of results from the operation of established state procedures"); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivation of property not actionable under § 1983 if meaningful post-deprivation remedy available under state law); Parratt v. Taylor, 451 U.S. 527, 542-43 (1981) (negligent deprivation of property not actionable under § 1983 where post-deprivation remedy available), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Mejia v. New York City Dep't of Corrections, No. 96 CV 2306, 1999 WL 138306, at *4 (E.D.N.Y. Mar. 5, 1999) (dismissing prisoner's § 1983 claim for "random and unauthorized" deprivation of property); Santos v. Raymond, No. 84 Civ. 8230, 1986 WL 4909, at *2 (S.D.N.Y. Apr. 24, 1986) (dismissing § 1983 claim against police for alleged theft of property).

Plaintiff has not alleged that he was deprived of his property as the result of an established procedure rather than a "random and unauthorized" act by the arresting officers. Because New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion, plaintiff's federal claim for the loss of his property is dismissed. See Dove v. City of New York, No. 99 Civ. 3020, 2000 WL 342682, at *3 (S.D.N.Y. March 30, 2000) (citing Mejia, 1999 WL 138306, at *4 (availability of state law

negligence, replevin, or conversion claims defeats § 1983 action for loss of property) and Cook v. City of New York, 607 F.Supp. 702, 704 (S.D.N.Y.1985) (same)).

**Conclusion**

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DAVID G. TRAGER
United States District Judge

Dated: Brooklyn, New York
August 31, 2005